THE PEOPLE, ex relat. WILLIAM ARMSTRONG, *against* THE COURT OF COMMON PLEAS OF THE COUNTY OF ONEIDA.

A Court of Common Pleas has no power to grant a writ of error *coram nobis.*

IN *May*, 1821, *William Armstrong* obtained a judgment, in the Court of Common Pleas of the County of *Oneida*, against *Adam Rutt* and *Lewis Putnam*, on a *cognovit actionem.* *Rutt*, one of the defendants, was an *infant;* and a writ of error, *coram nobis*, was issued, returnable in *September*, 1821. In *March*, 1822, the Court of Common Pleas gave a judgment of reversal, by default. At the return of the writ, a motion was made to quash it, on the ground of informality, which was denied.

In *January* term, a rule to show cause why a writ of

prohibition should not be granted, directed to the Court of Common Pleas, was obtained.

NEW-YORK,
May, 1822.

THE PEOPLE
v.
COMMON
PLEAS OF
ONEIDA.

*E. Griffin* now showed cause :

1. Courts of Common Pleas have, by the statute, power to grant new trials. (Sess. 36. ch. 65. s. 3. 2 *N. R. L.* 141.) They have, also, power to issue original writs. (Sess. 38. ch. 38.)

The power to grant new trials includes the power to issue writs of error *coram nobis.* There is no method of reversing an erroneous determination of *facts*, but by an *attaint*, or a new trial. (3 *Bl. Com.* 307.)

A writ of error lies in the same Court in which the judgment was given : 1. Where the error was not for any fault in the Court, but for some defect in the process; 2. For a default of continuance; 3. For a default in adjudging execution; and, 4. For an error of *fact.* (2 *Sell. Pr.* 363. 2 *Tidd's Pr.* 1056. *Dyer*, 196. *a.* 1 *Sid.* 208. *Com. Dig.* tit. *Pleader*, 3 B. 1. 1 *Lev.* 149. 3 *Salk.* 147.) It is beneath the dignity of a superior court to revise errors of fact. (3 *Salk.* 145.)

*Lynch*, contra. A writ of *prohibition* is the common law remedy where there is an encroachment or excess of jurisdiction in an inferior court. (3 *Bl. Com.* 111. 2 *Sell. Pr.* 308. 2 *H. Bl.* 100.) The Courts of Common Pleas of this state are Courts of inferior and limited jurisdiction, created by statute, having power to try actions personal and mixed, and to grant new trials; but nothing more. All their process must be returnable in term. By a late statute, (sess. 38. ch. 38.) they may issue original writs for the commencement of actions within their jurisdiction, but in no other cases. These Courts are always subject to the general superintending jurisdiction of this Court; (1 *Johns. Cas.* 179, 180.) and without the provision of the statute, they could not even grant a new trial. In *England*, a writ of error, *coram nobis*, has no particular return. And a court of Common Pleas of this state cannot devise a new writ conformably to the statute, requiring a precise return. That power belongs to the Court of Chancery; (1 *N. R. L.*

487.) and, by the late statute, to this Court. Now, process without a return, or returnable out of term, is a nullity. (2 *Johns. Rep.* 190. 9 *Johns. Rep.* 386.) This Court will take cognizance of an error of fact, as well as an error of law, in an inferior Court. (*Arnold* v. *Sandford,* 14 *Johns. Rep.* 417.)

*Per Curiam.* Courts of Common Pleas are creatures of statute, and, in every sense, inferior Courts. They have no power, except by statute, to grant new trials. They cannot entertain a writ of error *coram nobis,* nor a writ of error of any description. (*Arnold* v. *Sandford,* 14 *Johns. Rep.* 417.) The rule must be made absolute.

Rule absolute.