ALBANY,
October, 1824.

Van Lew
v.
King.

---

### Van Lew and others *against* King.

On the 8*th May*, 1824, the plaintiffs brought assumpsit for money had and received, against the defendant, in the *New-York* Common Pleas, and laid their damages at $250. The cause was tried the 25*th September*, and the jury found for the plaintiff, $38,33. The total amount of the accounts in controversy between the parties, was $394. The plaintiff

In the court of common pleas of the city of *New-York*, the plaintiff has costs, tho' he recover less than $50, if his recovery exceed $25. And this, tho'

the action might have been brought before a justice of the peace.

procured his costs to be taxed at $51,59, for which he took judgment; and on submitting the question to this Court, whether the plaintiff was entitled to costs in the Court below, he having recovered less than $50, the act of *April* 12*th*, 1824, (*sess.* 47, *ch.* 238, *s.* 33) was relied upon, as denying costs.

It was said that the suit was cognizable before a Justice, the amount recovered less than $50, and the accounts less than $400. The words, in the 1st section of the act, " the city and county of *New-York* excepted," do not extend to the provisions of the 33d section. Several new regulations, introduced by the act, were intended to be general; such as extending the remedy to executors, (*section* 1) transferring judgments to the county clerk's office, so as to become a lien on land. (*Sections* 20, 21.) So of sections 29, 41, 45, &c. The 10th, 11th, and 16th sections, expressly mention. *city* or *town*. Section 27, in giving the precedent of a conviction, begins, " City of *New York*," or, " *Westchester* County." Sections 37 and 38 say, Courts of Common Pleas, or *Mayor's Courts*, and Clerk's office of *city* or county ; and section 40 expressly authorizes the several Courts of Common Pleas and *Mayor's Courts* in *this* state, to make rules to regulate the practice on appeals. The 41st section speaks the same language.

The words, " city and county of *New-York*," in the 1st section, apply to the jurisdiction of the magistrate only. The 106th section of the act to reduce the several laws relating particularly to the city of *New-York* into one statute, passed *April* 9*th*, 1813, (2 *R. L.* 342) gives jurisdiction of $50 to the Justice's Court of that city ; and it was not necessary to repeat it again in the act of 1824. The act of 1818, (*sess.* 41, *ch.* 94, *s.* 5) contains the same proviso as to costs on recoveries under $50, as is contained in the 33d section of the act of 1824 ; but as the former is repealed by the latter, (*s.* 43) it can have no application to the present question.

*Against* the motion it was said, that the 85th section of the act to reduce the several laws relating particularly to the city of *New-York*, into one act, passed *April* 9*th*, 1813, es

tablishes Assistant Justice's Courts in the several wards in the city of *New-York*, and gives them jurisdiction over certain actions, where the damages, or thing in demand, shall not exceed 25 dollars. The 105th and 106th sections establish the Justice's Court with jurisdiction to $50. The jurisdiction of the Marine Court is extended to $100 by the act of *April* 15th, 1817, (*sess*. 40, *ch*. 249, 4 *L. N. Y.* 288, *b.*) The Court of Assistant Justices is established in the several wards, excepting the 9th, with jurisdiction to $50, by the act of *January* 4th, 1820, (*sess*. 43, *ch*. 1, 5 *L. N. Y.* 3 *b.*)

The general act to extend the jurisdiction of Justices, passed *April* 10, 1818, (4 *L. N. Y.* 79 *c.*) extends their jurisdiction to $50 ; and provides (section 5,) that if, in any action brought in any court of record, the plaintiff shall fail to recover over $50, he shall not recover any costs, if the suit might have been commenced before a *Justice by virtue of this act.* The act modifying this last mentioned act, passed *April* 21, 1818, (*sess*. 41, *ch*. 265, 4 *L. N. Y.* 287 *c.*) gives the Assistant Justices in the city of *New-York* the like jurisdiction and power as *Justices of the Peace* under the act of *April* 10, of the same year.

The act of 1824, for the better and more speedy recovery of debts, to the value of $50, is intended to supersede all the other acts relating to the proceedings of Justices' Courts, excepting in the city of *New-York*, (*act of* 1824, *supra*, 47th sess. *L. N. Y.* 279.) The 43d section of this act, repeals the old Justices' act for the country, of 1813 (1 *R. L.* 387) and the act to extend the jurisdiction of Justices of the Peace (4 *L. N. Y.* 79 *c.*) which applied to the city of *New-York.* The 33d section of the act of 1824, provides, " that if the plaintiff, in any suit which may be brought in any court of record in this state, after the first day of *May* next, shall fail to recover a sum exceeding $50, he shall not recover any costs of the defendant, provided the suit so brought might have been commenced before a *Justice of the Peace by virtue of this act.*" The first section expressly *excepts the city and county of New-York ;* for it specifies the particular actions which shall be cognizable before *any Justice of the Peace, with the exception of the city and county of New-*

*York;* so that the Justices' Courts of that city must depend for their jurisdiction upon the local acts provided for them ; and in none of these local acts is there any provision that restrains a party from recovering costs, where he fails to recover a sum over $50.

The only restriction is that of the 5th section of the act concerning costs (1 *R. L.* 344,) which provides, " that if any action, not concerning any freehold or title of land, nor for any assault, battery or imprisonment, nor slander, nor malicious prosecution, nor by or against executors or administrators, be brought in any Court of Common Pleas, and the plaintiff shall not recover over $25, he shall not recover, but pay costs."

The reason why the act of 1824 mentions city or town, will be seen by looking at the 46th section, by which the provisions of that act are extended to all the cities in the state by name, except *New-York.*

The counsel for the plaintiff remarked, that his argument against the motion was little more than a copy of the opinion given by his honor *J. T. Irving,* the first Judge of *New-York,* who taxed the costs under review.

*C. Graham,* for the defendant.

*R. I. Wells,* contra.

*This Court,* adopted the reasoning of Judge *Irving* in the Court below ; and gave their opinion that he was right in allowing the plaintiffs their costs ; that as to all actions in which the plaintiff recovers upwards of 25 and less than $50, though they be cognizable before a Justice, the Common Pleas of the city of *New-York* has concurrent jurisdiction, not only of the subject matter, but of the costs.