## MARTIN *a*. THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas; General Term, March,* 1861.

JUSTICE'S JUDGMENT DOCKETED IN COUNTY CLERK'S OFFICE.—
MARINE COURT.—COMPTROLLER'S APPLICATION TO OPEN JUDG-
MENT.

The New York Marine Court cannot open judgments rendered by them, unless
the same were obtained by default.

The act of 1859, giving the comptroller power to take all necessary means to
open collusive and fraudulent judgments against the city, does not give to the
Marine Court such power.

Though a transcript of such judgment has been filed in the county clerk's office,
the Common Pleas have no power to open the judgment.

The provision of § 68 of the Code, as amended in 1851,—that judgments of such a
court, when docketed in the county clerk's office, shall be deemed judgments
of the Common Pleas,—means that they are to be so considered, simply for the
purpose of enforcement.

When a transcript of a judgment recovered in the Marine or in a Justice's Court
has been filed in the county clerk's office, the court where the judgment was
recovered can no longer issue execution, but the judgment must be enforced
by an execution in the Court of Common Pleas alone.

On an application by the comptroller to the Common Pleas to open a judgment
against the city, recovered in the Marine Court, the proper course is to enjoin
the plaintiff from proceeding, without prejudice to his right to sue on the
judgment in a court of record.

Appeal from an order in proceedings by the comptroller of
the city of New York, to open judgments against the city.

The facts are fully stated in our report of the decision on the
motion (11 *Ante*, 295), where the above points were held.

The plaintiffs appealed from the order to the general term.

*Geo. R. Thompson,* for the appellants.

*Elbridge T. Gerry* and *Wm. Curtis Noyes,* for the respondent.

BY THE COURT.—We agree that the orders appealed from in
these cases should be affirmed, for the reasons stated by Judge
Daly at special term. (11 *Abbotts' Pr.,* 299.)

Orders appealed from affirmed, with $10 costs.