# SUPREME COURT.

## In the Matter of Levy Lippman.

*How executions on docketed judgments issue from marine court of New York.*

In the marine court in the city of New York, when judgments of that court are docketed in the county clerk's office, executions thereon must be issued to the sheriff. On all other judgments, execution may be directed and issued to either the sheriff or to a marshal.

The general rule of the marine court, adopted November 9, 1874, which requires all other process, except orders of arrest and attachments, to be directed to and executed by the sheriff, contravenes the statute, and must fall before it. That part of the rule in respect to issuing orders of arrest and attachments, to either the sheriff or marshal, is not affected by this decision.

*At Chambers, January,* 1875.

MOTION for the discharge of Levy Lippman on *habeas corpus.*

*Breon & Gearson,* for petitioner.

*Brown, Hall & Vanderpoel,* for sheriff.

DAVIS, *P. J.*—The petitioner is imprisoned by an order of the special term of the marine court for contempt. It is admitted by counsel that the alleged contempt consisted in the willful persistence of the petitioner, who is one of the marshals of the city of New York, in levying and attempting to execute a process of execution issued upon a judgment recovered in the marine court, in violation of one of the rules of that court.

On the ninth of November last the general term of the marine court adopted the following rule:

"Orders of arrest in all cases, and attachments against the property of non-residents of the county, issuing out of this court may be directed to the sheriff or either of the marshals detailed to this court by the mayor. All other process must be directed to and executed by the sheriff."

The petitioner is one of the marshals detailed to the marine court by the mayor. The question presented in the case is whether that part of the rule which requires all executions to be directed to and executed by the sheriff is valid.

The marine court may undoubtedly make such general rules as it may deem advisable to regulate the practice of that court, provided such rules are not in contravention of the provisions of any statute or of the general rules of courts of record, adopted by the convention of judges and familiarly known as the "rules of the supreme court."

It is insisted that so much of the general rule of the marine court as affects the execution issued to the petitioner is in conflict with the provisions of the statutes applicable to that court.

The third section of the act of 1865 (*Sess. Laws*, 1865, *chap.* 400, *p.* 738), provides that "any summons, warrant, attachment, execution or other process issued by any of the justices of the marine court in the city of New York, or by the clerk of said court, may be served and executed by any marshal of said city."

This provision operated as a modification of the act of 1857 (*chap.* 295, *sec.* 1), which declared that all process (except summons) issuing out of said court should "be directed to, and served by the sheriff of the city and county of New York;" and the effect of the modification was that executions on judgments of the marine court could be executed by either the sheriff or a marshal (*See The Matter of Ott*, 13 *Abb.* [*N. S.*], 293).

In the Matter of Lippman.

These statutes seem to have remained unchanged until the act of 1872 (*chapter* 629, *Laws of* 1872, *p.* 1493, *vol.* 2). The eighth section of the last cited act provides that "a judgment of the marine court, for the sum of twenty-five dollars, or over, exclusive of costs, the transcript whereof is docketed in the office of the clerk of the city and county of New York, shall have the same effect as a lien, and be enforced in the same manner as the judgments of the court of common pleas for the city and county of New York. All process except the summons shall be directed to and executed by the officers as now prescribed by existing laws, who shall be subject to the control of the said marine court, in respect thereto with the like power, and in same manner, and with like effect, as is now by law given to and exercised by the said other courts of record."

The first provision of this section operates to make a docketed judgment of the marine court a lien on the real estate, and to provide for its enforcement, which is to be done "in the same manner as the judgments of the court of common pleas." The judgments of that court are liens when docketed, and are enforced by execution directed and issued to the sheriff.

The sheriff alone is clothed with the powers necessary to the enforcement of such liens by the sale and conveyance of real estate, and, therefore, for very obvious reasons the execution of a judgment of the marine court, when docketed under the act above cited, is committed to his hand.

The second provision of the section was evidently designed to confer on the marine court the control over the officers of every description by whom its process can be issued that is possessed by other courts of record. It was not intended by that provision to make any change in respect to the officers to whom the process of the court could be directed. On the contrary, the existing laws on that subject were preserved; and they remained in full force, except as modified by the provision of the same section in respect to judgments which

have become liens by being docketed in the county clerk's office.

The result is, that on all docketed judgments execution must be issued to the sheriff. On all other judgments, execution may be directed and issued to either the sheriff or to a marshal.

The execution in this case was issued upon a judgment which had not been docketed. It was, therefore, lawfully directed to a marshal.

The officer to whom an execution is lawfully delivered is bound to proceed with it, and is subject to penalties, both civil and criminal, for a refusal or neglect.

The general rule of the marine court, so far it relates to this question, contravenes the statute, and must fall before it.

These views substantially accord with the opinion of SHEA, C. J., in *Lehman* agt. *Faltenmeyer* (*MSS.*), which is now before me.

The result is, that the provision of the rule referred to was void; and its disobedience by the marshal, not accompanied by any contumacious conduct on his part, except the simple assertion of the right to levy and enforce the execution, could not be lawfully punished as a contempt.

The prisoner must be discharged.