# NEW YORK COMMON PLEAS.

PAULINE OBERWARTH agt. JAMES McLEAN and H. H.
STOTESBURY.

*The rights and powers of marshals to execute process on judgments in which
transcripts have been filed.*

After the filing of a transcript and docketing of a judgment obtained in
the marine court of the city of New York, in the office of the clerk of
the city and county of New York, the judgment can only be enforced
as a judgment of the court of common pleas.

The judgment creditor may, before filing a transcript, issue an execution
out of the marine court to a marshal, and after such execution is returned
wholly or partly unsatisfied, or after sale thereunder, he may file his
transcript and issue execution to the sheriff.

But he cannot issue execution to a marshal after the transcript is filed,
because the judgment is then enforceable only in the same manner as
judgments of the common pleas.

The right to an execution out of the marine court on a judgment obtained
in that court is immediate, but the judgment creditor must make his
election, and if he file a transcript of his judgment with the county
clerk, his election is made ; the law declares that thereupon his judg-
ment shall be enforced in the same manner as judgments of the court
of common pleas (*act of* 1872, *chap.* 629, *sec.* 8). This mode of enforce-
ment is exclusive.

*General Term, March,* 1877.

ACTION for unlawful taking and conversion of plaintiff's
goods. The facts of the case appear fully in the opinion.

*Blumenstiel & Ascher,* for plaintiff.

*Reed & Drake,* for defendants.

Oberwarth agt. McLean.

J. F. DALY, *J.* — The defendants, who we.e copartners, obtained a judgment for $290.70 against J. L. Oberwarth, the plaintiff's husband, in the marine court of the city of New York, on February 13, 1874. On the same day a tran-- script of the judgment was filed and the judgment docketed in the office of the clerk of the city and county of New York. On the same day an execution was issued out of the marine court directed to one of the marshals of the city of New York, directing him to levy on the property of the judgment debtor to satisfy said judgment. Whether such execution was issued before the filing of the transcript with the county clerk does not appear. It does appear that the judgment was perfected in the marine court at 10.45 o'clock A. M., and the transcript was filed and judgment docketed in the county clerk's office at 11.30 A. M.

This action was brought to recover damages for the seizure and sale of property alleged to belong to plaintiff, under that execution, by the marshal. Defendants attempted to justify under that execution and judgment, and to show that the judgment debtor had an interest subject to levy and sale in the property seized.

The court held, that the transcript having been filed and judgment having been docketed in the county clerk's office, the judgment could only be enforced as a judgment of the court of common pleas (*act of* 1872, *chap.* 629, *sec.* 8), and that the execution out of the marine court did not protect the marshal or his indemnitors, these defendants; that the plaintiff was in possession of the goods seized at the time of seizure and was entitled to recover, and left only the question of damages to the jury. A verdict for $1,731 for plaintiff was given, and judgment thereon was entered against defendants.

It can hardly make any difference whether the execution to the marshal was issued before or after the filing of the transcript, since the sale of plaintiff's property under it did not take place until afterwards.

Oberwarth agt. McLean.

If the judgment creditor had the right, after the passage of the act of 1872 (*supra*), to enforce his judgment, either by execution to a marshal issuing out of the marine court, or by execution to the sheriff issuing out of the court of common pleas, these remedies were not concurrent, for although the execution to the marshal would reach personal property only, yet the execution to the sheriff reaches both personal and real property, and there could not possibly be an intention in the law that the two executions should issue at the same time. The right to the execution out of the marine court was immediate, but he was to make his election, and if he file a transcript of his judgment with the county court his election is made; the law declares that thereupon his judgment shall be enforced in the same manner as judgments of the court of common pleas (*act of* 1872, *supra*), and we have held this mode of enforcement to be exclusive (*Leland* agt. *Smith*, 11 *Abb.* [*N. S.*], 231; *Ex parte Lippman*, 48 *How.*, 359; *see as to similar provisions of law respecting judgments of district courts of the city of New York*, *Martin* agt. *Mayer*, 12 *Abb.*, 243). This election is operative although he may have already issued an execution out of the marine court, operative as to all subsequent proceedings to enforce the judgment. Thus, the judgment creditor might, before filing a transcript, have issued an execution out of the marine court, under which the marshal acted, and after such execution was returned wholly or partly unsatisfied, or after sale thereunder, he might file his transcript and issue execution to the sheriff. But he could not issue execution to the marshall after the transcript was filed, because the judgment is then enforceable only in the same manner as judgments of the common pleas, and for the same reason the marshal could proceed no further upon an execution issued prior to such filing, for that would be, in effect, proceeding to enforce by execution out of the marine court to a marshal a judgment enforceable exclusively by execution out of the common pleas to the sheriff. As the plaintiff has the right, in the

first place, to go on with his execution in the marine court, or to enlarge his power of enforcing his right by taking a step provided by the statute, his doing the latter, *i. e.*, filing the transcript, must be held to supersede or be an abandonment of his right to the execution in the marine court, and of such execution if issued; and whatever there remained to be done by way of levy or sale under such execution, if issued, the filing of the transcript took from the plaintiffs the right to authorize. The marshal, if proceeding in ignorance of the fact that a transcript had been filed, might be protected as to his subsequent acts under it, but the plaintiffs, on whose behalf the transcript was filed, or other persons knowing the fact, would be liable for directing or authorizing the marshal to proceed.

As to the plaintiff's possession of the goods taken being undisputed, it is sufficient that they were in a store claimed by plaintiff as her own, and were taken from the store. The question as to whether she or her husband was the owner of the store relates to the title, with which the wrong-doer has nothing to do, if he have, as in this case, no sufficient process to justify him.

The judgment should be affirmed, with costs.