(23 Misc. Rep. 235.)

DANIELS v. SOUTHARD et al.

(Rensselaer County Court. March, 1898.)

JUDGMENT OF JUSTICE—POWER OF COUNTY COURT TO CANCEL.

The county court has power, after the filing of the transcript of a judgment entered in justice court, on motion to cancel it as to a defendant not served with process, although the officer's return shows proper service.

Action by Milo Daniels against John C. Southard and others. There was judgment for plaintiff in justice court, which, on being transcripted to the county court, defendant Irene F. Southard moved to cancel as to her. Motion granted.

Samuel Foster, for plaintiff.

C. C. Van Deusen, for defendant Irene F. Southard.

NASON, J. This is a motion to cancel of record a statutory judgment of the county court, based on the filing of the transcript of a judgment in an action brought by the above-named plaintiff against the above-named defendants, rendered in the justice's court of the town of Nassau, for the sum of $35.36, and to restrain the plaintiff from taking any proceeding on said judgment, or upon any execution issued thereon, and for other and further incidental relief. When the motion came to be heard, the plaintiff's counsel raised the preliminary objection that the court had not jurisdiction to hear the same. The court overruled the objection, and plaintiff excepted.

The affidavits of three persons, the defendants in this action, and one George N. Southard, who seems to be an entirely disinterested party, were presented to the court to show that the defendant Irene F. Southard was never served with the summons in the suit at the time and place stated in the return of the constable, and these affidavits are not contradicted except so far as the bare return of the constable may have that effect. If the court has a right to consider the above affidavits on the hearing of a motion of this sort, the conclusion is almost irresistible that Mrs. Southard was never served with any process in the case. The only question to be determined is whether the county court has power to grant the relief asked for, or whether the defendant must be relegated to her remedy by appeal from the judgment. Section 3044 of the Code of Civil Procedure. provides that "the only mode of reviewing a judgment, rendered by a justice of the peace, is by appeal." The counsel for the plaintiff contends that this motion contemplates a review of the judgment, and that, as the county court can only acquire jurisdiction of the subject-matter of the case in the manner prescribed by law, it is precluded from granting this application. I do not doubt but that the defendant might appeal, and that the principle and practice applicable to appeals founded on error of fact would govern such a proceeding. Code Civ. Proc. § 3057. It would also appear that, if no appeal were taken, or no transcript filed, the county court would be powerless to take any action in the matter. But here is a case where the filing of the transcript is by express law and judicial authority declared to constitute the justice's judgment the judgment of the county court for certain purposes, and yet the contention of the plaintiff's counsel

is that the county court is powerless to exercise any control over such a judgment and over the execution issued thereon, or to restrain or prevent any abuse of its own process, even though the defendant to the action had never been served with the summons, or had her day in court. If such facts as are alleged by the defendants here exist, it would seem a great hardship and injustice were it incumbent on the defendant to stand mutely by, and see her property levied upon and sold under an execution before her appeal could be determined, or even to compel her to procure a stay by filing the statutory undertaking on appeal, if the issuing of an execution on the transcript can be prevented in that way. If, to defeat a proceeding founded on a transcript, having the antecedents of the transcript filed in the case, it is proper to show that no summons was ever served on the defendants in the original action, and by proof of such a fact virtually nullify the county court judgment on which the execution is based, then, of course, it would be within the jurisdiction of the court to grant exactly the relief asked for on this motion. If the justice's judgment may be shown to be void as to this defendant when it has been indirectly asserted, after the filing of the transcript, as in the present case, then this motion does not seek a review of a justice's judgment, but simply seeks to prevent an abuse of the process of the county court, and therefore does not come under the ban of section 3044 of the Code of Civil Procedure, because there is no judgment in fact to be reviewed.

A careful examination of the authorities has convinced me that in the present proceeding, at any rate, the illegality of the judgment may be shown by the defendant as a ground for relief. The plaintiff contends that the judgment of the justice was valid, citing Railroad Co. v. Purdy, 18 Barb. 574, where it was said, "And if the constable's return shows such a service, the jurisdiction of the justice is established, and his judgment will be regular on its face." Some of the doctrine in that case, however, seems to be in conflict with other well-recognized authorities. "Though a return of personal service makes out prima facie a case of jurisdiction over the person of the defendant, yet, if the summons were not in fact served, no jurisdiction could have been in fact acquired. I do not see upon what principle jurisdiction can be obtained over a person who has had no notice, either actual or constructive, of the proceeding. He can be no more bound by a false return than by a forged return. It would be an intolerable hardship to confine a defendant to a remedy for a false return, against an irresponsible constable, and not to allow him to hold the judgment void." Fitch v. Devlin, 15 Barb. 48. "It is necessary that faith be given to official action; that, for the purpose of conferring jurisdiction on courts or officers, certificates of officers should be prima facie sufficient; and that all persons other than the party for whose benefit the proceeding is instituted should be protected by such certificates. But as against the party himself it should be competent to show that such certificates are false or fraudulent; that courts should have power to control the action of their officers, so as to promote justice, not defeat it." Waring v. McKinley, 62 Barb. 622. The justice's court had no jurisdiction over

the defendant except so far as the return of the constable gave the justice quasi jurisdiction so as to secure him immunity for what might otherwise be deemed wrongful acts, and the illegality of the judgment may be, asserted as against the plaintiff to the original action when he seeks to enforce it by issuing an execution and levying it on defendant's property. Aside from the difficulty arising from the peculiar rules applicable to justice court practice, the right of parties affected to attack a judgment for lack of jurisdiction either in the same action or in some cases collaterally is too well recognized to require discussion. See Ferguson v. Crawford, 70 N. Y. 254; Dutton v. Smith, 10 App. Div. 566, 42 N. Y. Supp. 80. The present motion is made in the same action in which the judgment was rendered, although its enforcement is sought in a different court. The justice's judgment has become a statutory judgment of the county court, while at the same time it contains some of its original characteristics. Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560. The filing of the transcript of the original judgment enlarges the sphere of its enforcement, and, as far as its collection is concerned, places it on the same footing as the judgments rendered in the county court. Courts of general jurisdiction have inherent authority to control and regulate their own process and records within proper limits, and by section 348 of the Code of Civil Procedure it is provided that, "where a county court has jurisdiction of an action or a special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the supreme court possesses in a like case; and it may render any judgment, or grant either party any relief, which the supreme court might render or grant in a like case, and may enforce its mandates in like manner as the supreme court." A state of facts very similar in some respects to these at present brought before me in this proceeding was brought to the attention of the court in the case of Martin v. Mayor, etc., 12 Abb. Prac. 243, affirming 20 How. Prac. 86; Id., 11 Abb. Prac. 295. It was there held that, where a transcript of a judgment recovered in the marine or justice's court has been filed in the county clerk's office, on the application of the comptroller to open the judgment for fraud and collusion the proper course is to enjoin the plaintiff from proceeding without prejudice to his right to use the judgment in the court of record. It will be noticed that this decision was rendered before section 348 of the Code of Civil Procedure had enlarged the powers of the county court, and enabled it to apply certain equitable remedies in the exercise of its jurisdiction. Let the defendant take an order in the usual form that the transcript herein and the docket of judgment entered therein be canceled of record by the clerk of Rensselaer county as against the defendant Irene F. Southard, and enjoining and restraining the plaintiff, his agents, servants, and attorneys, from any proceeding upon said transcript of judgment or issuing any execution thereon as against said defendant, or to collecting the same out of her property without prejudice to the right of the plaintiff to sue on the justice's judgment, and with $10 costs of this motion to defendant Irene F. Southard.

Ordered accordingly.