# P. A. Althouse *v.* Mrs. James B. Hunsberger, Catherine M. Hunsperger, Appellant.

*Judgment—When application to set aside maintained.*

An application to vacate and set aside a judgment can be maintained only on the ground of defects apparent on the face of the record.

*Judgment—Mistaken name—Service of process.*

If a party is sued by a wrong or fictitious name, or by some designation which includes a part only of his name, and is personally served with process, and fails to urge the misnomer in any way, a judgment entered against him by such mistaken, fictitious or imperfect name, is valid and enforceable.

Catharine M. Hunsberger was sued as Mrs. James B. Hunsperger, was served with process and allowed judgment to be entered against her by default under that name. *Held*, that Catharine M. Hunsperger is not in position to urge this misnomer, or use of a fictitious name as constituting a defect vitiating the judgment as between herself and the holder of it.

*Judgment—Motion to strike off—Laches—Equity.*

Where the record shows that defendant, being served with process in a suit before an alderman, failed to defend the same but suffered judgment by default, and neglected to take an appeal or certiorari, by one or the other of which every right she subsequently alleged in a petition to strike off the judgment, might have been adequately protected, the court will not exercise its equitable power to stay execution or interfere with the judgment.

Argued Nov. 9, 1897. Appeal, No. 92, Oct. T., 1897, by defendant, from order of C. P. Berks Co., May T., 1897, No. 48, discharging rule to vacate judgment. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to vacate or set aside judgment. Before ENDLICH, J.

Judgment was entered by a magistrate against Mrs. James B. Hunsberger for $28.00. Transcript was filed in the common pleas. A rule subsequently was taken to vacate, which upon hearing was dismissed in an opinion by ENDLICH, J. (in which further facts sufficiently appear), as follows:

Judgment having been entered against Mrs. James B. Hunsberger by an alderman, a transcript thereof was in due course filed in this court to No. 48, May term, 1892, J. D. An application by defendant to open this transcripted judgment was refused for reasons given in an opinion filed June 20, 1896. A pluries writ of vend. ex. was thereupon issued by plaintiff to No. 1, June term, 1897, E. D., and the court is now asked by Catharine M. Hunsberger (or Hunsperger) to stay the execution thereof upon her property and to vacate and set aside the judgment.

1. An application to vacate and set aside, i. e., to strike off, a judgment can be maintained only on the ground of defects apparent on the face of the record: O'Hara v. Baum, 82 Pa. 416; Allen v. Krips, 119 Pa. 1; France v. Ruddiman, 126 Pa. 257: Adams v. Grey, 154 Pa. 258; Brewing Co. v. Booth, 162 Pa. 100; North & Co. v. Yorke, 174 Pa. 349; Hall v. Pub. Co., 180 Pa. 561—which may include such undenied averments in the applicant's petition as go to complete the record: Hiller v. Niedzielska, 176 Pa. 409. The supposed defect of this judgment, relied on by counsel, is the fact that the name of the defendant therein is given as "Mrs. James B. Hunsberger." Conceding that "Mrs." is not a legal name, State v. Gibbs, 44 N. J. L. 169—but merely an indication of the sex of a person named, Elberson v. Richards, 42 N. J. L. 69—it is, nevertheless, true that the remainder of the description of defendant in this judgment, containing what may be a baptismal and a surname, is not, as a matter of law, so indescriptive as to render the judgment necessarily void under the doctrine of the above and similar cases. The worst that can be said of it is that it is to be treated as a wrong or fictitious name. Now, the rule seems to be that if a party "was sued by a wrong or fictitious name, or by some designation which included a part only of his name, and was personally served with process, and, failing to urge the misnomer in any way, judgment was entered . . . . against him . . . . by such mistaken, fictitious or imperfect name, it is valid

and enforceable:" 1 Freeman, Judgments, sec. 50*a*, 154.   The averments of Catharine M. Hunsperger's petition show that she is the person sued as "Mrs. James B. Hunsberger," and the transcript discloses the fact that the person so sued was personally served with process and that she allowed judgment to be given against her by default under that name, which judgment, transcripted into this court, is the one now in question.   It would appear, therefore, that Catharine M. Hunsperger is not in a situation to urge this misnomer or use of a fictitious name, as constituting a defect vitiating the judgment as between herself and the holder of it.

As concerns the petitioner's allegations of fraud, res adjudicatà, etc., though they appear undenied by answer, these are matters necessarily dehors the record and therefore not available in this application.   Indeed they come clearly within that class of matters which ought to have been raised by appeal or certiorari, and on the ground of which, for that reason, a judgment entered on a transcript from a magistrate can be neither opened nor set aside : McKinney v. Brown, 130 Pa. 365.

2. The equitable power of the court to stay, in a proper case, even indefinitely, execution process issued upon a judgment therein, is not to be questioned, Harrison v. Soles, 6 Pa. 393 ; Feagley v. Norbeck, 127 Pa. 238, and doubtless may be exercised though the judgment be one entered upon a transcript from a magistrate : see Engard v. O'Brien, 9 Phila. 559. But being an equitable power, it is exercised upon principles of equity.   These (where there has been no agreement or forbearance or the like) forbid its exercise except upon a clear showing that the defendant has used due diligence and exhausted every legal means of defense or redress, or has been prevented, without fault of his own, from doing so.   It is not necessary to discuss a proposition so fundamental.  See 1 Black, Judgments, secs. 365, 374, 378, 387.   The record here shows that the defendant, being served with process in a suit before an alderman, failed to defend the same, but suffered judgment to go against her by default, and that without presence of ignorance of the fact that she neglected to take an appeal or certiorari, by one or the other of which every right she now alleges to have had might have been adequately protected.   In

these circumstances it seems very manifest that the redress she asks cannot be granted without violating well settled rules.

The rule to show cause is discharged.

*Error assigned* among others was refusal to make absolute the rule to show cause why the judgment should not be vacated or set aside.

*D. E. Schroeder,* for appellant.

*John F. Smith,* for appellee.

PER CURIAM, December 18, 1897:

The very earnest argument of the defendant's counsel has failed to convince us that the court committed error in discharging the rule entered in the present case or in entering judgment in the succeeding case. Its action in both cases is so thoroughly vindicated in the opinions filed as to render further discussion unnecessary and unprofitable.

Order affirmed and appeal dismissed at the cost of the appellant.