Opinion by
Morrison, J.,
The appellant filed his bill in October, 1906, to restrain the appellee from the collection of a judgment entered against appellant by a justice of the peace, in June, 1905. A transcript of the justice’s judgment had been entered in the common pleas and a fi. fa issued for its collection.
The record discloses nine requests for findings of fact, five for conclusions of law, fifteen exceptions and fourteen assignments of error, on the part of the appellant.
On full hearing the learned court below dismissed the bill, filing with the decree an opinion fully vindicating the decision.
We have carefully read and considered all of the evidence and it falls far short of presenting a case warranting a court of equity in restraining the collection of a judgment at law. We consider the evidence convincing that the appellant was sued before the justice in two suits, returnable on the same day; one suit in trover and conversion, and the other one in debt or assumpsit. That the trover suit was settled and a judgment of $177 was, on the return day, entered against the appellant in the other suit; that he was present in obedience to a summons in that case duly served, and he never took an appeal or certiorari. His evidence, in the equity suit, that there was any trick, fraud or deception practiced in procuring said judgment is too loose and unsatisfactory to warrant a chancellor in restraining its collection. On the other hand, the regularity of the judgment is sustained by the record of the justice; the testimony of the constable who served the summons and was present at the trial, and by the clear and positive testimony of the appellee in the equity suit, plaintiff in the suit at law.
There is no dispute about the law in the present case. Counsel for appellee concedes that in a proper case a court of equity will restrain the plaintiff from the collection of a judgment at law, procured by fraud, where it is clear that the defendant has used due diligence and exhausted every legal means of defense or redress, or has been prevented, without fault of his own, from doing so: Althouse v. Hunsberger, 6 Pa. Superior Ct. 160; Given’s Appeal, 121 Pa. 260.
*522 The appellant was summoned and appeared before the justice and he either knew the judgment, was entered against him or else he was guilty of gross negligence in not ascertaining that fact, and appealing or suing out a writ of certiorari, if aggrieved by the judgment.
The disposition of the appellant’s bill depended on the facts, and while he was bound to present a clear case he failed to do so, and the evidence, taken as a whole, is strongly against his contention.
The assignments of error are all dismissed and the decree is affirmed, at the costs of the appellant.