# First National Bank, Appellant, *v.* Fair.

*Practice, C. P.—Appeals from justice of the peace—Certiorari after appeal—Affirmance of judgment—Appeals nunc pro tunc.*

Where the defendant against whom a judgment has been rendered before a magistrate filed a petition asking that the judgment be stricken off, and subsequently procured a writ of certiorari, and upon the hearing upon the certiorari the judgment was affirmed, the decision of the court is final.

It was too late to consider a petition to strike off the transcript of a judgment, as a petition for an allowance to appeal nunc pro tunc, made within the proper time, when such petition was not made until four months after the entry of the judgment. The defendant should have presented his petition for an allowance of an appeal nunc pro tunc promptly, and the court should not have relieved him from the effect of his laches.

Argued April 22, 1919. Appeal, No. 81, April T., 1919, by plaintiff, from order of C. P. Beaver Co., March T., 1918, No. 396, allowing an appeal nunc pro tunc in the case of First National Bank of Beaver v. B. O. Fair. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Rule to strike off judgment and certiorari on judgment of justice of the peace. Before BALDWIN, P. J.

The court discharged the rule to set aside judgment of the justice of the peace, and converted the rule to show cause why the judgment should not be stricken off into a rule to show cause why an appeal should not be allowed nunc pro tunc, which rule was made absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*D. A. Nelson,* for appellant.—The judgment was regular and the court had no authority for setting it aside: Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431; Christ et al. v. Dubosky, 261 Pa. 297; Smith v. Hood, 25 Pa. 218.

The refusal to set aside the judgment on a certiorari ended the proceeding: Finley v. Smith, 7 Pa. C. C. 661; Russel v. Shirk, 3 Pa. C. C. 287; Essler v. Johnson, 25 Pa. 350.

*William A. McConnel,* for appellee.

OPINION BY TREXLER, J., July 17, 1919:

This was suit on a note. The hearing was held by the justice of the peace, on September 27, 1917. On January 29, 1918, a transcript was filed in the common pleas and on February 28th, a fi. fa. was issued. On March 2d, the defendant filed a petition asking the court to strike off the transcript alleging, among other things which require no comment, that the defendant had no notice of the entry of the judgment, although the justice had promised to advise him when that was done. An answer was filed to this rule. On March 8th, the defendant caused a writ of certiorari to be issued and the whole proceeding with all things touching the same were removed to the common pleas. Exceptions to the record were filed and answer made thereto by the defendant. On June 4th, both rules were argued together. On June 20th, the court entered the following order, "The rule to set aside the judgment of the justice of the peace is discharged. The rule to show cause why the judgment should not be stricken off and the transcript thereof stricken from the records is converted into a rule to show cause why an appeal should not be allowed nunc pro tunc, which said rule is made absolute and the defendant allowed to take appeal nunc pro tunc."

The refusal to set aside the judgment in the certiorari proceedings ended the matter. The proceedings having been removed from the justice to the common pleas, upon the affirmance of the judgment by the discharge of the rule, the justice's judgment became a judgment of the common pleas: Robbins v. Witman, 1 Dallas 410; Essler v. Johnson, 25 Pa. 350. The court had no right to grant the appeal. The two remedies certiorari and appeal cannot both be employed. This was decided in City v. Kendrick, 1 Brewster 406, and that decision has been generally followed by the courts of common pleas of this State. (See P. & L. Dig. of Dec. 17647, Malitz v. Grabofsky, 27 Pa. Dist. Rep. 394.) Although that decision is not binding upon us, its reasoning is convincing. We quote, "If

we allow both remedies to a defendant, what is to become of the appeal when the certiorari is heard and the judgment affirmed, as in one of these cases? Upon the affirmance of the judgment the plaintiff is entitled to his execution against the defendant, and to his scire facias against the bail. Unless we can stay these proceedings until the appeal shall be tried, it is very clear that the plaintiff may make his money at once, and that the appeal is to all intents and purposes killed. It would seem very clear that we cannot stay the execution or scire facias, and, therefore, the defendant is no longer concerned in the fate of his appeal. This course of reasoning illustrates the impossibility of giving effect to both remedies, and relieves us of the necessity of considering whether the issuing and service of a certiorari do not so effectually remove the record as to leave nothing for the appeal to touch. It is very clear that if regularly issued and served, all subsequent proceedings by the inferior court are void, and in England if any further steps are taken towards execution an attachment lies. (Vide cases cited 5 Pet. Abr. 261-2.) The same general principle was recognized in Pennsylvania; Ewing v. Thompson, 7 Wright 372. If both remedies were allowed and both prosecuted to final judgment, there might be a judgment for plaintiff in the one and for the defendant in the other proceeding." If the defendant had no right to appeal, the court could confer no such right.

Apart from the above phase of the case, the court had no right to change the rule to strike off the transcript to one for an allowance of an appeal nunc pro tunc. The petition had no merit for the transcript of the judgment of the justice could not be stricken off unless absolutely void on its face: Dailey v. Gifford, 12 S. & R. 72; Drum v. Snyder, 1 Binn 381; Doerr v. Graybill, 24 Pa. Superior Ct. 321; McKinney v. Brown, 130 Pa. 365; McIlhaney v. Holland, 111 Pa. 634; Hughes v. Clark, 35 Pa. Superior Ct. 518; Lacock v. White, 19 Pa. 495. Assuming that the defendant was wronged by the justice of the

peace, it was his duty when that knowledge came to him to act promptly. It is true that his petition to strike off the transcript followed in a few days, but he mistook his remedy. Almost four months after he had been apprised of the entry of judgment, the court without any request of record made the order. It was then too late to consider the petition to strike off the transcript as a petition for an allowance to appeal nunc pro tunc made within proper time. This we think was not the exercise of proper judicial discretion. The defendant should have presented his petition for the allowance of an appeal nunc pro tunc promptly, at least before the expiration of twenty days after notice: Wahl v. Poore, 46 Pa. Superior Ct. 630; Taylor v. Smith, 2 Clark 318. The court should not have relieved him from the effect of his not moving promptly or properly.

The order of the court allowing an appeal nunc pro tunc is reversed. Appellee for costs.