## C. H. Davies v. Virgie Emma Lewis, Appellant.

*Justice of Peace—Alderman—Transcript of Judgment—Rule to strike off.*

The rule to strike off the transcript of judgment, rendered by an alderman, is properly discharged where the record shows personal service on the defendant of the summons, and the certified copy of the statement made by the claimant, that the defendant did not appear at the hearing or file an affidavit of defense, and that after public hearing at which a representative of plaintiff appeared, judgment was given in default for plaintiff.

If appellant desired to attack the form or contents of the affidavit of claim filed, or the proof of service thereof, he should have attacked the judgment of the alderman by certiorari.

Argued April 28, 1927. Appeal No. 140, April T., 1927, by defendant from judgment of C. P. Allegheny County, January T., 1927, No. 1518, in the case of C. H. Davies v. Virgie Emma Lewis, etc. Before HENDERSON, KELLER, TREXLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to strike off transcript of a judgment ren-

dered by an alderman. Before REID, McVICAR and DREW, JJ.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the Court.

*R. P. Lewis,* for appellant.

*R. B. Gabler,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1927:

Error is assigned to the refusal of the court below to strike off a transcript of a judgment rendered by an alderman and filed in the court below for purposes of lien. The transcript was in the following form:

"C. H. DAVIES,
versus
VIRGIE EMMA LEWIS, also known as Mrs. Robert Lewis.
Judgment $280.00.
Cost, $7.80 ⎰Paid by
Trans. .75 ⎱Plaintiff.

Summons in Assumpsit not exceeding $300.00 issued October 4th, 1926, to Louis Harris, or next Constable. Returnable to Monday, October 11th, 1926, between the hours of 11 A. M. and 12 A. M.

And now, October 7th, 1926, Summons returned served on oath, by producing the original summons and handing a true and attested copy thereof together with a certified copy of statement and affidavit of claim to defendant personally at her residence 6677 Woodwell Street, Pittsburgh, Allegheny County, Pennsylvania, after making known contents thereof.

So answers

Charles Coleridge,
*Constable.*

And now, October 11th, 1926, plaintiff appears. Defendant does not appear. Charles Coleridge Constable sworn to service of summons. R. B. Gabler representing plaintiff claims $280.00, same being amount due as set forth in plaintiff's affidavit of claim filed in this office October 4th, 1926.

No defense.

And now, October 11th, 1926, after hearing and considering all evidence judgment given publicly in default of affidavit of defense for plaintiff and against defendant for full amount of claim Two Hundred and Eighty ($280) Dollars and costs of suit.

And now, November 1st, 1926, execution issued to Louis Harris Constable, returnable November 21st, 1926.

And now, November 10th, 1926, execution returned "No Goods."

So answers                         Louis Harris,
                                        *Constable.*

---

City of Pittsburgh, ss:

I certify that the above is a correct transcript of the proceedings had before me in the above suit, and of record on my docket.

Witness my hand and seal at Pittsburgh, this 12th day of November, A. D. 1926.

John J. Verona (SEAL),
                                        *Alderman.*

My commission expires first Monday, January, 1930."

The contention of counsel for appellant is that this transcript fails to show, (1) sworn proof of service of plaintiff's affidavit of claim, or (2) the nature and character of the claim, as required by the Act of July 7, 1879, P. L. 194. That act provides as follows: "In all actions brought before any justice of the peace, magistrate or alderman, on any contract for the pay-

ment of money, either expressed or implied, if the plaintiff shall file at any time before the issuing of the summons in any such case an affidavit, stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument of writing upon which the action is brought, or where the claims are not evidenced by writing, if the plaintiff shall file as aforesaid an affidavit setting forth a full and detailed statement of the same, it shall be the duty of the justice, alderman or magistrate to make a copy of such affidavit, duly certify the same, and deliver it to the constable to whom the summons is issued, which certified copy shall be served at the time and in the manner that service is made of the summons in the case; and the justice, magistrate or alderman shall render judgment in favor of the plaintiff for the amount of his claim, unless the defendant, at or before the time at which the summons is made returnable, shall have filed with the justice, magistrate or alderman an affidavit of defense setting forth fully the nature and character of the same." We are of opinion that the transcript shows such a substantial compliance with the requirements of the above quoted provisions of the statute as to give the alderman jurisdiction to enter the judgment in default of an affidavit of defense. If appellant desired to attack the form or contents of the affidavit of claim filed, or the proof of service thereof, he should have attacked the judgment of the alderman by certiorari. The question before us is not whether the judgment would have been reversed on certiorari, but whether it is void for want of jurisdiction of the alderman to enter it. The court below could only strike off the judgment if it was void rather than voidable: Pantall v. Dickey, 123 Pa. 431; McKinney v. Brown, 130 Pa. 365; Hickey v. Conley, 24 Pa. Superior Ct. 388.

The order of the court below is affirmed.