In the Matter of NATIONAL SCHOOL OF VISUAL EDUCATION, Judgment Creditor, against IRVING S. BROWN, Judgment Debtor.

Supreme Court, Special Term, Suffolk County, January 15, 1947.

*Leonard L. Bishop, Jr.,* for judgment debtor.

*Epstein & Jacobson* for judgment creditor.

COLDEN, J. Motion by the judgment debtor for an order directing the Clerk of Suffolk County to cancel of record the transcript of judgment filed and the docket of judgment entered herein in said office on October 13, 1934, and enjoining and restraining the judgment creditor from proceeding upon said transcript of judgment or issuing any execution thereon against him or collecting the same out of his property.

It appears that on or about March 10, 1930, there was entered in the office of the Clerk of the Municipal Court, City of New York, Borough of Manhattan, Fourth District, a judgment by default against the moving party and in favor of the judgment creditor, as plaintiff, in the sum of $143.92 and that a transcript thereof was filed and said judgment was docketed in the office of the Clerk of the County of Suffolk as aforesaid. The moving party claims that neither the summons nor complaint in said action was served upon him at any time or place and that, therefore, jurisdiction to enter the judgment has not been obtained.

The judgment creditor, opposing the application, contends that it must be denied inasmuch as the appropriate forum for obtaining the relief here sought would be the Municipal Court wherein the judgment was obtained and that in any event on a hearing it will be shown that this debtor had knowledge of

this judgment for many years and that it was not until his examination in supplementary proceedings had been concluded on December 2, 1946, that the question of nonservice of process was first raised.

There is no question but that " A judgment upon the merits rendered against a person who is not subject to the jurisdiction of the court * * * is futile " and that " The objection to the jurisdiction of the court may be raised at any time." (*MacAffer* v. *Boston & Maine Railroad*, 268 N. Y. 400, 404.) The judgment creditor does not challenge this principle. It urges merely that this is not the proper forum in which to raise a jurisdictional question and cites in support of its contention (*People ex rel. Bicinelli* v. *Dunn* (54 N. Y. S. 194). That case is inapposite. It merely held that the question whether or not a summons was duly served is not available on habeas corpus, prima facie proof of service by a marshal having been made; that the remedy is to *attack the judgment* by motion in the court out of which the summons was issued. This is not an application by the judgment debtor to *vacate the judgment*. All he seeks is to cancel of record the *transcript* of the judgment rendered in the Municipal Court which had been filed in the office of the Clerk of Suffolk County, and to enjoin the judgment creditor from proceeding *upon said transcript* of judgment.

Subdivision 3 of section 131 of the New York City Municipal Court Code (L. 1915, ch. 279) provides that upon the docketing of a judgment of said court, it shall be deemed a judgment of the Supreme Court and may be enforced accordingly. The filing and docketing in the county clerk's office of a transcript of judgment of the Municipal Court renders it merely a *statutory* judgment of the Supreme Court (*Stull* v. *Then*, 247 App. Div. 85; *Quackenbush* v. *Johnston*, 249 App. Div. 452), and does not confer upon said court the authority to vacate the judgment itself. (*Norell Holding Corp.* v. *Putter*, 269 App. Div. 754.) The Supreme Court, by reason of the filing of the transcript in the county clerk's office, has the power to vacate said transcript and the execution issued on the same and to enjoin all further proceedings upon the same, if it appears that the court in which the judgment was rendered had no jurisdiction. (*Daniels* v. *Southard*, 36 App. Div. 540; *Quackenbush* v. *Johnston, supra; Maruccoro* v. *Cronk, Inc.*, 95 Misc. 86.) Accordingly, the preliminary objection of the judgment creditor is overruled.

The issue as to whether the judgment debtor was served with process cannot be determined on affidavits; there must be a hearing. That question is, therefore, referred to an official referee to hear and determine the issues of fact here presented. Upon the coming in of his order determining the issues, application may be made to the justice presiding to make an order in accordance therewith.

Settle order on notice.