## Madsen *v.* Higgins et vir, Appellants.

Argued March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles F. Mayer,* for appellants.

*James C. Buckley,* with him *Reilly & Pearce,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

These appeals are from the refusal of the court below to strike off two judgments entered against Catherine Higgins alone and against Edward Higgins and Catherine Higgins, his wife, appellants.

On October 19, 1953, Edward Higgins contracted for the installation of an oil burner and storage tank in the property of his wife at 5601 Pine Street at a price of $268. This work was performed by October 31, 1953. On October 26, 1953, the appellant husband again contracted with appellee, covering the same property, for repairs to the water system at an agreed price of $131.75. This work was completed by December 24, 1953. It was alleged that the husband was acting as agent for his wife and that such work was for the benefit and enjoyment of his wife. Appellants at the time were not living in the wife's property. After numerous unsuccessful attempts to collect the sums due and owing for this work, the contractor, Madsen, commenced two separate actions before a Justice of the Peace on February 11, 1955 and on May 6, 1956.

One action was against Catherine Higgins for $268 and the other action was against both appellants for $131.75. Service was made personally in each case and a hearing was subsequently held in each case at different times. In each case, the defendants failed to appear and judgments were entered against them respectively.

The transcripts of the judgments of the Justice of the Peace were filed in the Court of Common Pleas of Delaware County on June 20, 1956. About six weeks after the transcripts were filed and entered, appellants filed a petition for a rule to open judgment. This was refused on the ground that the Court of Common Pleas had no jurisdiction to open a judgment entered upon the transcript of a Justice of the Peace. Appellants then filed a petition for a rule to strike off the judgments. The reason assigned was that the work performed was ordered by the husband without the knowledge or approval of the wife and that the transcript of the Justice does not set forth that the debt was for necessaries. This petition was discharged after argument and these appeals followed.

The narrow question raised by these appeals is whether a judgment of a Justice of the Peace, regular on its face, entered in the Court of Common Pleas, may be stricken off. We have uniformly held that such a judgment cannot be set aside nor opened if it is regular on its face. *Taylor v. Tudor and Free,* 81 Pa. Superior Ct. 306; *First National Bank v. Fair,* 72 Pa. Superior Ct. 457; *Hughes v. Clark,* 35 Pa. Superior Ct. 518. The reason for this rule is that appeals from the judgment of a Justice of the Peace are regulated by statute as to time. Appeals which are irregular or out of time should be refused. But if judgments like the present may be opened up or stricken, the defendant may have what is the equivalent of an appeal with-

out the recognizance which the law makes essential. See *Lacock v. White*, 19 Pa. 495.

Appellants urge, however, that since the judgments here complained of were entered against a married woman, the transcript of the Justice must show that the married woman contracted the debt herself and that such debt was for articles necessary for the support of her family in order to be valid. In support of such contention, appellants rely upon the Act of 1848, April 11, P. L. 536, section 8, 48 P.S. 116, which provides that in all cases where debts may be contracted for necessaries for the support of the family of a married woman it is lawful for a creditor to institute suit against both husband and wife for the price of such necessaries. However, they overlook the Act of 1893, June 8, P. L. 344, section 3, as amended, 48 P.S. section 111, which provides that "hereafter, a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person;" and that presently she has the power to make a contract in all cases except those which are specifically excluded by said Act. We therefore hold that the transcript of the Justice, otherwise regular on its face, need not show the requirement contended for by appellants. The action of the court below was proper.

Judgment affirmed.