Field Enterprises Educational Corporation, Appellant, *v.* Golatt.

Argued September 13, 1962.  Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Paul Breen,* with him *Paul Kraft,* for appellant.

*Charlie I. Miller,* for appellee.

OPINION BY WRIGHT, J., November 15, 1962:

This is an appeal from an order of the County Court of Philadelphia striking off a judgment entered on a transcript from the docket of a magistrate.

The judgment in question had been obtained by Field Enterprises Educational Corporation against Sanders Golatt and Mattie Golatt, his wife, as a result of the purchase by the Golatts of, and their failure to pay for, a set of the World Book Encyclopedia. The transcript shows that judgment was rendered by Magistrate Iannarelli on February 23, 1960, in the sum of $100.00 plus costs of suit. There was no appeal or certiorari. The transcript was filed in the County Court of Philadelphia on March 10, 1961, and judgment was entered thereon. Following the issuance of an execution, there were two rules by the sheriff for interpleader as a result of property claims by separate individuals. On February 8, 1962, the day before the sheriff's sale, the Golatts filed a petition to stay the sale and open the judgment. It is from the order made on this petition that the instant appeal has been taken.

In their petition the Golatts did not attack the regularity of the magistrate's judgment. They admitted the purchase and failure to pay. Their position was that they had been advised by appellant's agent that they could return the books, and that the books had been returned on April 8, 1960. It should perhaps be noted that this was after judgment had been entered by the magistrate. In its answer to the petition, appellant denied that its agent made any statement about returning the books. No depositions were taken. Pa. R. C. P. No. 209 provides that, if a cause is determined on petition and answer, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted. Cf. *Better Living, Inc. v. Filosa,* 199 Pa. Superior Ct. 110, 184 A. 2d 314. Howbeit, the learned judge of the court below correctly held that

he was without power to open the judgment. See *Lacock v. White*, 19 Pa. 495; *Littster v. Littster*, 151 Pa. 474, 25 A. 117.

It is then to be questioned whether the court below was authorized to treat the petition to open as one to strike, especially when the petition made no attack upon the regularity of the judgment. The propriety of such action was doubted by Chief Justice STERN in a note to *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421, wherein he said (page 364) : ". . . whether, where the obligor asks only that a judgment be opened, the court can, of its own motion, strike off the judgment, is, to say the least, extremely doubtful". See *A. B. & F. Contracting Corp. v. Matthews Coal Co.*, 194 Pa. Superior Ct. 271, 166 A. 2d 317. However, assuming arguendo that the court below was technically correct in its treatment of the petition, we are clearly of the opinion that its action in striking off the judgment was erroneous.

The petition contained the following averment: "6. That on or about May 31, 1961, the petitioners received notice that Field Enterprises Educational Corporation was making demands for $156.50". Paragraph six of the petition was answered as follows: "6. Denied. The plaintiff made demand upon the defendants much earlier than May 31, 1961. The plaintiff repeated demands upon the petitioners for payment through its attorney since November 30, 1959, and obtained a judgment in the Magistrate's Court on March 13, 1960".[1] According to the docket entries in the court below, the judgment was stricken for the following reason: "The record upon its face discloses that the plaintiff's claim was for $156.50, thus exceeding the jurisdiction of the magistrate's court". Section 12 of Article V of the

---

[1] As previously indicated, the correct date of the magistrate's judgment is February 23, 1960. This discrepancy is not material.

Constitution of the Commonwealth providing for the establishment of Magistrates Courts in the City of Philadelphia limits their jurisdiction in civil cases to $100.00. See also the Magistrates' Courts Act of May 10, 1927, P. L. 866, Section 2, 42 P.S. 1042.

The learned judge below interpreted the answer as an admission that the amount of appellant's claim was actually $156.50, and that it had been reduced for the purpose of conferring jurisdiction on the magistrate, citing *Collins v. Collins*, 37 Pa. 387, and *Bower v. Mc-Cormick*, 73 Pa. 427. Not only did each of those cases involve an attack upon the judgment by direct appeal, but also the interpretation placed upon appellant's answer by the court below is in fact unwarranted. The demand for $156.50 was made long after the entry of judgment and, as itemized in appellant's brief, included court costs, sheriff's costs, and interest. For complete satisfaction on this point, we have examined the statement of account and affidavit on file in the office of the magistrate. This document establishes that the original purchase price was $109.00, and that the balance due on the date of suit was $100.00.

As a general rule, the court of common pleas has no authority to strike off a judgment entered upon a transcript from a justice of the peace or magistrate: 7 St. Pa. Pr. 191, Chapter 30, Section 164; *Taylor v. Tudor*, 83 Pa. Superior Ct. 459. The only exception to this rule is where the transcript shows on its face that the judgment is void for want of jurisdiction: *Pantall v. Dickey*, 123 Pa. 431, 16 A. 789; *Vichosky v. Boucher*, 162 Pa. Superior Ct. 598, 60 A. 2d 381. The regularity of a judgment rendered by a magistrate in a matter over which he had jurisdiction cannot be questioned in a collateral proceeding: *McDonald v. Simcox*, 98 Pa. 619; *County of Cumberland v. Boyd*, 113 Pa. 52, 4 A. 346; *Sweeney v. Girolo*, 154 Pa. 609, 26 A. 600. A judgment may not be stricken off where no defect appears

on the face of the record: *Althouse v. Hunsberger,* 6 Pa. Superior Ct. 160; *Madsen v. Higgins,* 186 Pa. Superior Ct. 404, 142 A. 2d 512; *Goldberg v. Altman,* 190 Pa. Superior Ct. 495, 154 A. 2d 279; *Lipshutz v. Plawa,* 393 Pa. 268, 141 A. 2d 226. Since the transcript here under consideration does not show on its face that the magistrate lacked jurisdiction, the order must be reversed.

In the opinion of the court below sur appeal, it is suggested as an additional reason for striking the judgment that it "was based on testimony, not of the plaintiff but of the magistrate's constable". No authority is cited for this proposition. The transcript contains the following entry: "February 23, 1960, case called for hearing. Plaintiff is present and defendant is not present. A sworn statement of claim is presented by Constable Martin L. Douglass, who swears and testifies that there is due the plaintiff the sum of $100.00 for merchandise sold and delivered to the defendant by the plaintiff". Section 19 of the Magistrates' Courts Act, supra (42 P.S. 1059) expressly authorizes the filing of an affidavit of claim, and provides "that the magistrate shall render judgment in favor of the plaintiff for the amount of his claim, unless the defendant, at or before the time at which the summons is made returnable, shall have filed with the magistrate an affidavit of defense". If appellant desired to attack the form or contents of the affidavit of claim, or the proof of service thereof, he should have proceeded by certiorari: *Davies v. Lewis,* 91 Pa. Superior Ct. 172. The fact that the constable testified with reference to the affidavit of claim in no way affects the jurisdiction of the magistrate.

Order reversed.