484 P.2d 220

Maria N. MARQUEZ, Appellant,

v.

Edubiges M. PEREZ, in her sole and separate right, and Matias G. Perez and Edubiges M. Perez, husband and wife, Appellees.

No. 2 CA–CIV 953.

Court of Appeals of Arizona, Division 2.

May 6, 1971.

Rehearing Denied May 28, 1971.

Legal Aid Society, by Emojean K. Girard, Tucson, for appellant.

Edward Aboud, Tucson, for appellees.

KRUCKER, Chief Judge.

Appellees obtained two default judgments for money against appellant in justice court, Tucson Precinct No. 2, Pima County, Arizona, and subsequently filed transcripts thereof as provided in A.R.S. § 33–962. Several months later, the appellant filed a

motion in superior court to vacate these judgments on the ground of excusable neglect. The motion was denied and this appeal followed.

We do not consider the merits of appellant's claim of excusable neglect and whether the superior court abused its discretion since we are of the opinion that it lacked jurisdiction to entertain the motion and hence had no discretion to exercise. A.R.S. § 33–962 provides in part:

> "A. The clerk of the superior court, upon presentation of the certified transcript of a judgment for more than fifteen dollars, exclusive of costs, given by a justice of the peace in the county, shall forthwith file and docket the judgment as prescribed in § 33–961. The judgment, from the time of filing the transcript thereof, shall be deemed the judgment of the superior court, shall be in the control thereof, and shall be carried into execution in the same manner and with like effect as a judgment of the superior court."

It is true that this statute makes the transcribed judgment that of the superior court. However, the filing and docketing of the transcript of judgment renders it merely a statutory judgment of the superior court and does not confer authority on the superior court to vacate the judgment itself. National School of Visual Education v. Brown, 189 Misc. 76, 69 N.Y.S.2d 20 (1947); Norell Holding Corp. v. Putter, 269 App.Div. 754, 54 N.Y.S. 2d 474 (1945); 49 C.J.S. Judgments § 129b (2). Although the superior court may strike off a transcribed judgment when it shows on its face that it is void for want of jurisdiction, Field Enterprises Educational Corp. v. Golatt, 199 Pa.Super. 422, 185 A.2d 666 (1962), it has no jurisdiction to do so when the judgment is valid on the face of the record, and only the court wherein the judgment was rendered may vacate and set it aside in a proper case. Howard v. Boyce, 245 N.C. 255, 118 S.E.2d 897 (1961); Keys v. Schultz, 212 Minn.

109, 2 N.W.2d 549 (1942); 49 C.J.S. Judgments § 235; 21 C.J.S. Courts § 501.

Since appellant sought relief in the wrong forum, the superior court properly denied her motion and we affirm.

HOWARD and HATHAWAY, JJ., concur.