William L. Underwood, Jr., J.
Motion by defendant to vacate and set aside a sale of real property upon the grounds of misrepresentations by plaintiff and that a "grossly unfair sales price” was obtained at said sale is denied without prejudice to an application for the same relief in the Suffolk County District Court, Fourth District.
A default judgment was entered against defendant on May 23, 1975 in the sum of $3,185.50 together with interest in the Fourth District Court. A transcript of the judgment was docketed in the Suffolk County Clerk’s office on May 30, 1975, and by virtue of said docketing, plaintiff was entitled to levy against the real property of defendant. (UDCA, § 1505; CPLR 5018, subd [a].)
*1099 Defendant’s interest in certain real property was sold by the Sheriff at a public sale on October 21, 1975.
Defendant’s affidavit contains serious allegations against plaintiff and Grid Realty Corporation the purchaser at the sale. They, in turn, deny any wrong doing and cross-move to dismiss the complaint.
A motion to vacate a judgment shall be made in "[t]he court which rendered a judgment” and in this case, the judgment was not rendered in this court but in Fourth District Court. (CPLR 5015, subd [a]; Levine v Berlin, 46 AD2d 902.)
Justice Golden of the Supreme Court, Suffolk County, held in a similar case, that although a Municipal Court judgment is deemed a judgment of the Supreme Court, the judgment is "merely a sta tutory judgment of the Supreme Court * * * and does not confer upon * * * [the Supreme Court] the authority to vacate the judgment itself.” (Matter of National School of Visual Educ. v Brown, 189 Misc 76, 78; see, also, Quakenbush v Johnston, 249 App Div 452.)
Therefore, the motion to vacate should be made, if defendant is so advised, in the Fourth District Court. Furthermore, that court, if it grants defendant’s motion, may direct and enforce restitution. (CPLR 5015, subd [c]; UDCA, § 1001; Market Nat. Bank of N.Y.v Pacific Nat. Bank, 102 NY 464.)
Certain papers in support of the motion are entitled "complaint”. However it is not in proper form, and it is only considered in support of defendant’s motion. The cross motion to dismiss the said "complaint” is granted.