## Commonwealth v. Patterson

*Merrill W. Kerlin,* District Attorney, for Commonwealth.
*James M. Schall, Esq., for defendant*

EPPINGER, *P.J.*, January 24, 1983 William M. Patterson appealed his speeding conviction handed down by a district justice of the peace. At the hearing on the appeal it was shown that he had been timed by radar on the Pennsylvania Turnpike at 75 miles per hour by Trooper Duval, who issued him a citation. However, that citation was verified by Trooper Shelly at the office of the district justice of the peace. Patterson argues that the case should be dismissed because the citation was improperly verified.

The district attorney responds by saying that the practice employed in this case[1] is acceptable but

---

1. It is the district attorney's contention that Pa.R.Crim.P. 54 does not require the arresting officer to make the oath to the citation, but says only that "a police officer" shall do so. Apparently the practice on the turnpike was for "a police offi-

that even if it isn't the issue cannot be raised for the first time on appeal.[2]

Pa. R. Crim. P. 54 covers the procedure upon issuance of a citation to a defendant. Rule 54(c) requires a defendant to plead to the charge within 10 days of the issuance. If there is no plea Rule 54(d) provides that the Justice of the Peace shall notify the police within three days after the ten days have expired and then says:

"A police officer (if he has not already done so) shall appear before the issuing authority within twenty (20) days following such notice, and under oath shall attest to the facts contained in the citation previously filed."

Here Trooper Shelly attested to the truth of the facts. There is nothing to indicate that he knew anything about them. Judge Montemuro, writing for the Superior Court stated: "Allowing a police officer to swear to facts of which he has no knowledge, either by direct observation or on-scene investigation is an anomaly we will not countenance." Commonwealth v. Hatfield, Superior Court of Pa. No. 925 Pittsburgh, 1981, December 10, 1982.

In Commonwealth v. McKee, 19 D.&C. 3d 773 (1981) it was said:

"Rule 51 controls the means of instituting proceedings in summary cases. It presupposes that police officers who issue citations are affiants with personal knowledge or information received through their independent investigation regarding alleged violations. Rule 3 defines affiant as "any responsible party capable of taking an oath who signs,

---

cer" who was going to a Justice of the Peace Office to verify all citations pending whether he had issued them or not.

2. There is no showing that the issue was raised before the justice of the peace.

swears to or affirms a complaint and appreciates the nature and quality of his act." Surely a police officer who has no firsthand knowledge or knowledge gained through independent investigation cannot be deemed to be a responsible party in a criminal prosecution, summary or otherwise.

The failure of Trooper Duvall to verify the citation is a defect in the proceedings and this defect was not waived though it was not raised before the district justice of the peace.

Pa. R. Crim. P. 67, adopted September 18, 1973, effective January 1, 1974, provides:

"(f) Upon the filing of the transcript and other papers of the proceeding by the issuing authority the case shall be heard de novo by the appropriate division of the Court of Common Pleas as the President Judge shall direct . . . .

(g) This rule shall provide the exclusive means of appealing from a summary conviction. Court of Common Pleas shall no longer issue writs of certiorari in such cases." (Italics in original.)

Since courts of common ples may no longer issue writs of certiorari, all appeals are taken de novo to the same effect as though it had never been before the district justice. Hatchett v. Manko, 63 Del. 211 (1976).

Formerly where a Justice of the Peace had jurisdiction of the subject matter and also of the parties, irregularities like the present one could only be taken advantage of by certiorari. If an appeal was taken from the judgment, the irregularity was waived. Swaim v. Brady, 19 Pa. Super 459 (1902). Before 1974, an appeal from a judgment of a justice of the peace was not an action de novo. Bauman v. Bitner, 152 Pa. Super 628, 33 A.2d 273 (1943), Crowell Office Equipment v. Krug, 213 Pa. Super 261, 247 A.2d 657 (1968).

These decisions are consistent with the rules in effect prior to the adoption of of Rule 67. Pa. R.C.P.J.P. No. 1001 in subsection 2 defined "Appeal" as an appeal taken from a judgment to the court of common pleas, and "Certiorari" as an examination by the court of common pleas of the record of the proceedings before the justice of the peace. Rule 1009 listed the matters that might be raised on certiorari, including irregularities in the proceedings. Under the then existing Rule 1015 an appeal involved a trial de novo, without regard to any defect in the proceedings below. A mere appeal from a summary conviction led to a waiver of the irregularities in the proceeding before the justice of the peace. Commonwealth v. Trubic, 65 D.&C. 2d 304 (1973). The way to attack the form of content of the affidavit of claim in the proceeding before a magistrate was by certiorari. Field Enterprises Educational Corp. v. Golatt, 199 Pa. Super 422, 185 A.2d 666 (1962).

As stated earlier, under Pa. R.Crim.P. 67(g), the only method to review irregularities is by appeal which causes a trial de novo before the court of common ples. We see nothing in the present rules which limit the definition of de novo as it was limited under former Pa. R.C.P.J.P. No. 1015. We can only conclude that in using the words "de novo" in framing Pa. R.Crim.P. 67(f), the Supreme Court intended a new or fresh look at all of the issues. (See Black's Law Dictionary, Revised Fourth Edition page 483 - DE NOVO) We make no comment on the effect of Pa. R.Crim.P. 70[3] in this case, because

---

3. "A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or context of a complaint, citation, summons, or warrant, or a defect in the procedures of this chapter, unless the defendant raises the defect

the events occurred before the effective date of that rule, which was July 11, 1982. Defendant's motion to dismiss the case will be granted[4].

## ORDER OF COURT

January 24, 1983, defendant's motion to dismiss the case is granted. The costs shall be paid by the County of Fulton. All sums paid by defendant shall be reimbursed to him by the appropriate authority.

---

before the conclusion of the summary trial and the defect is prejudicial to the rights of defendant."

4. We think that in a summary appeal, though our courts have held the judgment should either be guilty or not guilty and should not be one of affirming or sustaining an appeal, where the facts could result in a conviction but a motion to dismiss has been made as in this case, the appropriate order is to dismiss the case.