**Jim Dolan Chevrolet-Cadillac, Inc. v. Keefer**

*Daniel W. Rullo*, for plaintiff.
*Frank S. Lucente*, for defendant.

COFFROTH, *P.J.*, March 29, 1983 — This case is before us on a writ of certiorari to the district justice, issued on defendant's praecipe alleging "such gross irregularity of procedure as to make the judgment void." The judgment referred to was rendered July 6, 1982; the praecipe was filed July 19, 1982, and was therefore timely within the 30 day period prescribed by JP Rule 1009B.[1]

The controversy is over the amount of the judgment, whether it should be $600.61 as plaintiff contends or only $450 as defendant contends. Although the difference in amounts is not great in relative terms, the amount is apparently important enough to the parties to warrant the litigation and they are entitled to a decision according to law no matter what the amount. Moreover, this case presents legal questions which are of considerable importance to the proper functioning of our court system, and, therefore, the decision made will affect not only the parties but also future judicial procedures.

The questions at issue are these:

1. Whether a district justice, after rendering a civil judgment for plaintiff in an assumpsit action

---

1. Rule 1009B states: B. If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed at any time after judgment. Otherwise it shall be filed within 30 days after the date of the judgment.

may thereafter increase the amount of the judgment on the ground he had made an error in calculation?

2. In such case, upon setting aside the second judgment, may the court extend the time for an appeal by plaintiff of the first judgment?

## RECORD OF DISTRICT JUSTICE

The district justice's record, returned to the court in obedience to the writ, contains the following:

(1) Plaintiff's complaint for $883.70 and costs filed March 2, 1982, showing hearing scheduled for March 30, 1982, at 2:15 p.m.

(2) Notice to plaintiff dated March 12, 1982, that defendant intends to defend, and continuing the hearing at defendant's request to April 6, 1982, at 3:00 p.m., with return receipt showing receipt by defendant on March 11, 1982.

(3) Copy of notice dated March 29, 1982, addressed to defendant, indicating copy to plaintiff, showing dates April 6, 1982, and April 7, 1982, at 3:00 p.m. — apparently an incomplete form of notice continuing the hearing from April 6, to April 7.

(4) Copy of notice dated May 12, 1982, to defendant, indicating copy to plaintiff, stating that judgment for plaintiff was entered on May 11, 1982, for $450 and costs, and informing defendant of his right to appeal to the court within 30 days.

(5) Receipt voucher showing payment by defendant of the judgment in full on June 10, 1982.

(6) Copy of invoices bearing undated message from plaintiff to district justice to the effect that the balance due was $600.61 instead of $450.

(7) Letter dated July 6, 1982, from district justice to defendant, showing copy to plaintiff, stating:

"Jim Dolan contacted me after he received a judgement [sic] letter that my calculation was in-

correct. Enclosed you will find a corrected judge-ment [sic] letter. Your appeal period begins effective todays date."

The copy of the judgment letter in the record is in-complete, but apparently follows the form used at paragraph (4) above, stating that judgment was rendered on July 6, 1982, for $600.61, informing de-fendant of the 30 day appeal period, and stating: "This letter corrects letter dated May 11, 1982."

At the certiorari hearing, plaintiff offered the tes-timony of the district justice over defense counsel's objection on the ground that only the record is be-fore the court; we received the testimony subject to later ruling on the objection.[2]

District Justice Barkman testified that after the initial judgment was rendered, plaintiff talked to him about the error in the amount. Mr. Barkman said he had no record or recollection of the date of the conversation but that: "I told him I would look at it", and that:

"When I made my — looked my notes over which I keep in each case and reviewed the testimony, I had found that I had made a math error, that my calculations and my judgment was just purely a mistake."

Prior to rendition of the second judgment, defend-ant paid the judgment and Mr. Barkman remitted

---

2. On the propriety of parol evidence in certiorari pro-ceedings, see: Road Commissioners of Mill Creek v Fickinger, 51 Pa. 48, 51 (1865); Kline v Pearl, 24 District 604, 606 (1914). Since we have ruled in favor of the writ even consider-ing the parol evidence, we need not rule on defense counsel's objection to the testimony.

We note, however, that the parol evidence here merely explains and does not contradict the record, see Holly v Travis, 267 Pa. 136 (1920), and that the parol evidence could be ad-missible on plaintiff's motion for leave to appeal nunc pro tunc.

the amount to plaintiff who accepted it; Mr. Barkman then said that he "felt that in the interest of justice, that I would send another judgment letter out and see what happened."

## DISCUSSION

The problems in this case are created by the fact that the district justice, after rendering judgment for plaintiff for a specified sum, reviewed and reconsidered his calculation on plaintiff's suggestion of error and then entered a new judgment for a larger amount without defendant's consent. Such a procedure is grossly irregular and the second judgment is a nullity and must be stricken. We reach this conclusion on the basis of the following propositions of law:

(1) The authority and powers of a district justice in civil cases are governed by general rules promulgated by the Pennsylvania Supreme Court pursuant to Article 5 §10(c) of the Pennsylvania Constitution, and Judicial Code §1722 (a), 42 Pa.C.S. The general rules are those adopted by the Supreme Court on October 15, 1969, effective January 1, 1970, as amended, entitled "Pennsylvania Rules of Civil Procedure for Justices of the Peace," Rules 201 et seq, which suspend all prior inconsistent statutes (JP Rule 1081).

(2) Under those Rules, a district justice (justice of the peace) has no authority to open, strike or alters his judgment in any material way, once rendered; the only avenue for correction or revision of judicial error in the judgment of a district justice is (a) by timely appeal to the Common Pleas Court by the complaining party, or (b) by consent of all parties. See: Commonwealth v. Mumma, 65 Lancaster 67 (1975). Compare Madsden v. Higgins, 186 Pa. Super. 404, 406, 142 A.2d 512 (1958);

Commonwealth v. Mitchell, 30 Somerset L. J. 340, 346, 73 D.&.C.2d 472, 470 (1975), Commonwealth v. Patton, 38 Somerset L. J. 339, 342 note 3 (1979) and Commonwealth v. Banovich, 26 Somerset L. J. 268, 278-9, 56 D.&.C.2d 383, 394-5 (1971). In this case, the district justice undertook a judicial review of the first judgment's merits and readjudicated the cause without authority. There is, therefore, such a gross irregularity of procedure in this case as to make the second judgment void.[3]

Counsel for plaintiff has moved for allowance of an appeal nunc pro tunc in the event the second judgment is stricken. The well established rule is that appeal periods are mandatory jurisdictional requirements and may not be extended unless there has been fraud or its equivalent practiced on the appellant by the court or its representative, or by the other party, which has justifiably caused late filing, see: Mayak v. Jonnet (No. 3), 39 Somerset L. J. 7 (1979), Commonwealth v. Cassidy, no. 52 Criminal 1983, opinion of 3-22-83, and Judicial Code §5504(b), or some compelling or emergency circumstances as in Bass v. Commonwealth, 485 Pa. 256, 401 A.2d 1133 (1978), discussed in Gallardy v. Ashcraft, 288 Pa. Super. 37, 430 A.2d 1201 (1981).

---

3. PLE, Magistrates, Justices of the Peace and Aldermen §65, states: "Before an appeal is taken, a justice or magistrate may, by statute, open his judgment and give the parties another hearing, but this may be done only when both parties consent thereto. 'A judgment cannot be opened under this statute after the expiration of twenty days from its rendition.' "

The statute referred to is the Act of March 20, 1810, PL 205, 5 Sm. L. by 161 §4, suspended by Justice of the Peace Rule 1081 repealed by Judicial Code §20002(a) [61].

Minor changes to correct clerical errors or to clarify may not be fatal. See: Law v Kennedy, 2 Walker 497, 498 (1876); (Second) Restatement of Judgments §71, Comment e.

No such exculpatory circumstances exist here. The district justice's statement to plaintiff, made in casual conversation, that the district justice "would look at it", without more, is not fraud or the equivalent of fraud; it furnished no justifiable basis for plaintiff to think that the 30 day appeal period, of which he had previously been notified in writing, was in any way suspended (even if we should assume that the statement was made prior to the expiration of the 30 day period for appealing the initial judgment, which was not established by the evidence). There "must be some misrepresentation, express or implied, which justifiably misleads appellant into failing to comply with appeal requirements." Somerset Mack Sales & Services Inc. v. Miller, 35 Somerset L. J. 135, 138 (1978). Mandatory requirements of law may not be so easily set aside on the basis merely of the district justice's indefinite statement that he "would look at it". As stated in Somerset Mack Sales & Service, Inc. v. Miller, supra, 139:

"Of course, it is not every erroneous action or utterance of a public official which justifies reliance so as to produce an estoppel or the equivalent of fraud. It must clearly appear that the misrepresentation took the form of a definitive official act or utterance, that it was clearly erroneous and misleading, and be clearly shown. See Gable v. Chintala, 212 Pa. Superior 472, 476 (1968); Washington Mall v. Board of Assessment, 4 Pa. Commonwealth 251 (1971); Christiansen v. Philadelphia Zoning Board, 1 Pa. Commonwealth 32 (1970)."

The notice given to plaintiff of the second judgment extending the appeal period for 30 days after July 6, 1982, cannot excuse plaintiff's failure to appeal within 30 days after the first judgment was rendered on May 11, 1982; the July notice, having

come long after expiration of the initial appeal period, could not possibly have induced or misled plaintiff into non-compliance with the initial appeal notice, nor caused his failure to appeal. Compare: Somerset Mack & Service Inc. v. Miller, supra; Beachel v. Hile, 12 D.&C.2d 606 (1957).

## ORDER

Now, March 29, 1983, we find in favor of the writ of certiorari, and the judgment of July 6, 1982, is therefore set aside without prejudice to the judgment of May 11, 1982, pursuant to JP Rule 1014A. Plaintiff's motion for leave to appeal nunc pro tunc is denied. Costs on plaintiff.