## Brown's Cleaning v. Battista

*F. Christopher Spina,* for plaintiffs.
*Louis P. Vitta,* for defendant.

WETTICK, *A.J.,* June 30, 1988 — On May 3, 1988, this court entered an order denying defendant's request to enter a rule to show cause why the judgment entered in these proceedings should not be opened. Defendant has filed an appeal from this order of court. This opinion setting forth the court's reasons for the entry of the order is filed pursuant to Pa.R.A.P. 1925.

On February 10, 1988, District Justice McLaughlin entered a judgment in favor of plaintiff and against defendant in the amount of $1,000. Defendant filed a notice of appeal from this judgment

on March 14, 1988. On April 15, 1988, this member of the court struck the notice of appeal because it was filed beyond the thirty day appeal period. Pa.R.C.P.D.J. 1002. On April 19, 1988, plaintiff entered the district justice judgment in this court pursuant to Pa.R.C.P.D.J. 402(D). On May 16, 1988, defendant filed his motion to open this judgment.

Defendant contends that the judgment should be opened because the appeal was untimely filed as a result of excusable attorney neglect — defendant's attorney apparently miscalculated the date on which the thirty day appeal period expired. However, the standards for opening a default judgment are not applicable. The case law provides that a court may permit a notice of appeal to be filed beyond the thirty day appeal period only upon a showing of fraud or breakdown in the court machinery. *West Penn Power Company v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Gallardy v. Ashcraft,* 288 Pa. Super. 37, 430 A.2d 1201 (1981).

Also, defendant's effort to set aside a judgment entered by the district justice through a petition to open judgment is procedurally incorrect. A judgment entered by a district justice from which no timely appeal was filed may be set aside only through certiorari proceedings pursuant to Pa.R.C.P.D.J. 1009. A common pleas court is without power to open a judgment entered upon a transcript of a district justice. "The regularity of a judgment rendered by a magistrate in a matter over which he had jurisdiction cannot be questioned in a collateral proceeding." *Field Enterprises Educational Corp. v. Golatt,* 199 Pa. Super. 422, 185 A.2d 666, 669 (1962) (citations omitted).

For these reasons, this court entered the May 13, 1988 order of court denying defendant's motion to open judgment.