NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PALISADES ACQUISITION XVI, LLC, Assignee of Centurian Capital
Corporation, Assignee of Orchard Bank, *Plaintiff/Appellee*,

*v.*

PAULA A. ROBERTO aka PAULA TAYLOR, *Defendant/Appellant,*

and

KINETIC CONTROL CORPORATION, *Garnishee/Appellant*

No. 1 CA-CV 14-0497
FILED 5-26-2015

Appeal from the Superior Court in Maricopa County
No.  TJ2008-000548
The Honorable James R. Morrow, Judge

**AFFIRMED**

COUNSEL

Johnson Mark LLC, Phoenix
By Rhett Flaming-Buschman
*Counsel for Plaintiff/Appellee*

Robert D. Barlow, Attorney at Law, Phoenix
By Robert D. Barlow, Jr.
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1             Paula A. Roberto a.k.a. Paula Taylor ("Appellant") and
Garnishee Kinetic Control Corporation ("Kinetic") appeal from the
superior court's order denying Appellant's motion to dismiss garnishment
proceedings.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2             On October 23, 2007, Palisades Acquisition XVI, LLC,
("Palisades") obtained a default judgment against Appellant and John
Taylor in the Estrella Mountain Justice Court.  Palisades filed a certified
transcript of the judgment with the Clerk of the Maricopa County Superior
Court on January 15, 2008.  On September 4, 2012, Palisades filed an
affidavit of renewal of judgment with the Clerk.

¶3             Palisades filed an application for writ of garnishment on
February 28, 2014, to garnish Appellant's earnings from Kinetic.  Appellant
objected and requested a hearing, asserting that Palisades did not have a
valid judgment.  The parties stipulated to continue the garnishment
proceedings in superior court, and Appellant filed a motion to set aside the
original default judgment entered in justice court.  However, when
Appellant filed her motion, the justice court informed her that its records
concerning the judgment had been destroyed.

¶4             Appellant filed a motion to dismiss the garnishment
proceedings in the superior court on April 9, 2014.  The superior court
denied Appellant's motion and entered an order for a continuing lien on
Appellant's non-exempt earnings.  Appellant timely appealed.

### DISCUSSION

¶5             Appellant contends the garnishment proceedings should
have been dismissed because Palisades did not renew its judgment in
justice court, thereby rendering the judgment void and unenforceable.

**¶6**        We review issues concerning the construction of a statute de novo.  *J.C. Penney v. Lane*, 197 Ariz. 113, 115, ¶ 9 (App. 1999).  We review a trial court's denial of a motion to set aside a judgment as well as a denial of relief under Arizona Rule of Civil Procedure 60(c) for an abuse of discretion.  *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010); *City of Phx. v. Geyler*, 144 Ariz. 323, 328 (1985).

**¶7**        A judgment must be renewed within five years from the date of entry to remain valid and enforceable.  A.R.S. § 12-1612(B); *J.C. Penney*, 197 Ariz. at 118, ¶ 25.  When a party files a certified transcript of a justice court judgment in superior court, that judgment is deemed a judgment of the superior court.  A.R.S. § 33-962(A).  Once a transcript judgment has been entered and docketed in superior court, it may be renewed by filing an affidavit for renewal with the clerk of the superior court.  A.R.S. § 12-1612(A); *J.C. Penney*, 197 Ariz. at 118, ¶ 27 (stating the proper court for renewing a judgment is "the superior court in the same county in which the [transcript] judgment was docketed").

**¶8**        Following the entry of judgment in justice court, Palisades filed a certified transcript of the judgment with the Clerk of the Maricopa County Superior Court.  Palisades renewed the judgment with the Clerk within five years.  Accordingly, Palisades properly renewed its judgment.

**¶9**        Next, Appellant claims the justice court determined that the original judgment was void.

**¶10**        The justice court never made a determination the judgment was void.  Rather, when Appellant filed her motion to set aside the judgment, the justice court sent her a notice stating that (1) more than five years had passed since the date of judgment was entered, and (2) no renewal of judgment had been filed.  As a result, the justice court destroyed its records concerning the judgment.  However, the justice court also advised Appellant about the very circumstances that exist in this case; that it was possible the judgment had been filed and renewed with another court. [1]

**¶11**        Finally, Appellant asserts the judgment is void because she was never served with the summons and complaint.  *See* Ariz. R. Civ. P. 60(c)(4) (party may be relieved from void final judgment); *Master Fin. Inc.*

---

[1]        The justice court's policy regarding destruction of its records is concerning and may, in the appropriate case, raise serious due process concerns.  However, under the facts of this case, the issue is not dispositive.

*v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004) (lack of personal jurisdiction over defendants renders judgment void). However, she contends she is unable to challenge the judgment because the justice court records that would allegedly show lack of service have been destroyed. Appellant argues, therefore, that due process requires Palisades bear the burden of demonstrating that she was properly served. We disagree.

**¶12** Appellant was required to file her motion to set aside the judgment in the justice court. *Marquez v. Perez*, 14 Ariz. App. 451, 452 (1971). As the movant, Appellant bore the burden of establishing that the default judgment should be set aside. *Miller v. Nat'l Franchise Servs., Inc.*, 167 Ariz. 403, 406 (App. 1991). Additionally, it is the Appellant's burden to ensure that "the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Baker v. Baker,* 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 13(a).

**¶13** Here, Appellant does not dispute that the judgment is valid on its face. Moreover, apart from Appellant's unsupported assertions, there is nothing in the record to prove her claim of lack of service. Accordingly, based on the record before us we are unable to conclude the superior court erred.

## ATTORNEYS' FEES

**¶14** We decline to award Palisades attorneys' fees on appeal. Palisades' reliance on ARCAP 13(a) and (b) is not a proper basis for an award of fees. *Cf. Fereman v. Sorchych*, 226 Ariz. 242, 252, ¶ 31 (2011).

## CONCLUSION

**¶15** For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4